JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Samvel Grigoryan,<br>PLAINTIFF(S)<br>v.<br>United States Citizenship and Immigration Services, et al.,<br>DEFENDANT(S) | CASE NUMBER<br>2:25-cv-11433-PA-KS<br><br>**ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees. ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

Plaintiff did not completely answer Question 3 of the Request. (ECF No. 2.)

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

- ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
- ☐ The action is frivolous or malicious.
- ☐ The action fails to state a claim upon which relief may be granted.
- ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

December 18, 2025
Date

United States District Judge

On December 1, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 2.) Plaintiff brings this action under the Administrative Procedure Act ("APA"). (ECF No. 1 at 2.) Plaintiff seeks judicial review of final agency decisions by United States Citizenship and Immigration Services ("USCIS") to deny his Form I-485 Application to Adjust Status and his Form I-131 Application for Advance Parole. (Id. at 2, 3.) USCIS allegedly concluded falsely in its denial of the I-485 application that Plaintiff "was not admitted or paroled." (Id. at 4.) And in denying the Form I-131 application, USCIS allegedly misclassified Plaintiff as "Transit Without Visa." (Id.) USCIS also allegedly made contradictory findings, misapplied the law, and ignored evidence. (Id.) The decision allegedly was arbitrary and capricious. (Id. at 5.) Plaintiff requests that USCIS's decisions be declared unlawful and be set aside, and that the matter be remanded for further consideration. (Id. at 6.)

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff has not met this burden.

"Relevant sections of the APA and [the Immigration and Nationality Act ('INA')] do not permit courts to review discretionary agency decisions." Syed v. Mayorkas, 2023 WL 6596330, at *3 (D. Or. Oct. 10, 2023). Specifically, "the Court does not have jurisdiction to review USCIS's denial of [Plaintiff's] Form I-485." Odiete v. Jaddou, 2025 WL 2369217, at *3 (C.D. Cal. May 15, 2025); see also Li v. Chertoff, 482 F. Supp. 2d 1172, 1177 (S.D. Cal. 2007) (recognizing "Congress's intent to preclude courts from reviewing discretionary decisions or actions of USCIS regarding I–485 applications"); Francois v. Johnson, 2014 WL 1613932, at *3 (D. Ariz. Apr. 22, 2014) ("The Court does not have jurisdiction to hear Plaintiff's challenges to the denials of her I–485 applications."). Moreover, "[b]ecause the USCIS's decision to deny parole is discretionary and no 'meaningful standard' exists for this Court to apply, this Court lacks jurisdiction to review the USCIS's denial of advance parole." Syed, 2023 WL 6596330, at *4; see also Hootkins v. Napolitano, 645 F. Supp. 2d 856, 877 (C.D. Cal. 2009) (noting that "the decision of whether to grant advance parole is purely a matter of agency discretion not subject to judicial review"); Padilla v. Bondi, 2025 WL 2663010, at *5 (D. Ariz. Sept. 17, 2025) (no judicial review of the denial of a Form I-131 application for advance parole) (citing Hassan v. Chertoff, 593 F.3d 785, 789 (9th Cir. 2010) (affirming district court's holding "that it lacked jurisdiction to consider the issue because the revocation of advance parole, like the grant of advance parole, is discretionary")). Thus, jurisdiction is lacking.

Finally, because jurisdiction is lacking, leave to amend is denied. "Subject matter jurisdiction must exist as of the time the action is commenced." Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." Id.; Orff v. United States, 358 F.3d 1137, 1149 (9th Cir.2004) (internal quotation omitted). Amendment cannot "attempt[] to create jurisdiction where none existed." Rockwell Intern. Credit Corp. v. U.S. Aircraft Ins. Group, 823 F.2d 302, 304 (9th Cir. 1987), overruled on other ground by Partington v. Gedan, 923 F.2d 686, 688 (9th Cir. 1991) (en banc) (per curiam). Thus, the Complaint is dismissed without leave to amend, and the action is dismissed without prejudice.

*(attach additional pages if necessary)*